### STATE *versus* BONNEY.

Where A had testified for the State both upon a former and upon the present trial, and B, for the defendant, had testified to a conflict in the testimony of A, as given at the different trials, it is not competent for the State, in order to defeat the testimony of B, to use in evidence the bill of exceptions taken in the former trial, unless the same had been signed or written or assented to by B.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

INDICTMENT, for having in possession at one and the same time, ten counterfeit bank bills, with intent, &c. Many legal points were taken, and much testimony introduced.

It appeared that the defendant had been tried and found guilty by the jury upon a former indictment; and that he filed exceptions, which were drawn in the handwriting of Mr. Paine, one of his counsel, who signed thereto the names of "Paine, Lancaster and Baker, attorneys."

In that former trial, one Abbot and one Soule were witnesses for the State. The same persons testified for the State in this trial. To show a conflict in their testimony, as given at the different trials, Mr. Baker, who assisted as one of the defendant's counsel on both occasions, was called by the defendant and testified. Thereupon the County Attorney, in order to show a misrecollection on the part of Mr. Baker, offered in evidence the aforesaid bill of exceptions, which was received, though objected to.

The verdict was against the defendant, who filed exceptions.

*Paine* and *Baker,* for the defendant.

The exceptions taken at the former trial were inadmissible as evidence.

The testimony of the witness Baker impeached Abbot, the State's witness. On what principle could the introduction of the exceptions contradict the evidence given by Baker, who neither drew them or signed or saw them? And surely they could in no way tend to prove the guilt of Bonney.

*Vose,* County Attorney, for the State.

The statements, given by Mr. Baker, as to what Abbot and Soule had testified on the earlier trial, was at variance with the report of their *testimony* in the bill of exceptions, which had his name appended to it as counsel, and must therefore have received his approval. The bill of exceptions was therefore admissible in evidence. It was his written statement against his testimony. But, at any rate it was immaterial, and could not injuriously have affected the defendant.

HATHAWAY, J. — The bill of exceptions, taken at the trial of the defendant on another indictment, was improperly admitted in evidence.

It was not admissible to contradict Baker, for the case finds that he neither wrote or signed it. No part of it was admissible, for that purpose, in any event, except the report of the testimony of Abbot and Soule, concerning which Baker testified.

Upon well established legal principles, the *whole* bill was inadmissible. It was the report of a criminal trial of the defendant, by which report, it appears, that he was found guilty. Its tendency must have been prejudicial to him with the jury.                    *Exceptions sustained and*

*a new trial granted.*

SHEPLEY, C. J., and WELLS, J., concurred.